IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-02613-PAB-KLM

LUCY AYALA VILLANUEVO,

    Plaintiff,

v.

LOWE'S HOME CENTERS, LLC, d/b/a Lowe's,

    Defendant.

## ORDER TO SHOW CAUSE

The Court takes up this matter *sua sponte* on defendant's notice of removal [Docket No. 1].  Defendant states that the Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332.  Docket No. 1 at 2, ¶ 3.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action.  *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980).  Absent an assurance that jurisdiction exists, a court may not proceed in a case.  *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005).  Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence.  First, it is the Court's duty to do so.  *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, --- U.S. ----, 135 S. Ct. 547 (2014) ("[I]f the parties fail to raise the question of the existence

of jurisdiction, the federal court has the duty to raise and resolve the matter."). Second, "[s]ubject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings." *Id.* Finally, delay in addressing the issue only compounds the problem if it turns out that, despite much time and expense having been dedicated to a case, a lack of jurisdiction causes it to be dismissed or remanded regardless of the stage it has reached. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Defendant invokes 28 U.S.C. § 1332 as the basis for this Court's diversity jurisdiction. Docket No. 1 at 2, ¶ 3. Section 1332(a)(1) states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different States." The facts as presently averred, however, do not provide sufficient information regarding defendant Lowe's Home Centers, LLC's citizenship.

The notice of removal identifies defendant Lowe's Home Centers, LLC as a North Carolina corporation with its principal place of business in North Carolina. Docket No. 1 at 3, ¶ 10. Notwithstanding defendant's claim that it is a corporation, the allegation is almost certainly incorrect. *Compare* N.C. Gen. Stat. Ann. § 55D-20(a)(1) ("The name of a corporation must contain the word 'corporation', 'incorporated',

'company', or 'limited', or the abbreviation 'corp.', 'inc.', 'co.', or 'ltd.'.") *with* N.C. Gen. Stat. Ann. § 55D-20(a)(2) ("The name of a limited liability company must contain the words 'limited liability company' or the abbreviation 'L.L.C.' or 'LLC'"). The Court will assume that defendant is a limited liability company ("LLC"), not a corporation.

While, for diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business," 28 U.S.C. § 1332(c)(1); *see Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990),[1] these considerations are irrelevant to the determination of the citizenship of an LLC. The consensus throughout the circuits is that an LLC, much like a partnership, is deemed to be a citizen of all of the states of which its members are citizens. *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.,* 781 F.3d 1233, 1237-38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members."); *see also Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419-20 (3d Cir. 2010) (citing cases from eight circuits for the proposition that "every federal court of appeals to address the question has concluded that a limited liability company, as an unincorporated business entity, should be treated as a partnership for purposes of establishing citizenship").

Furthermore, when an entity consists of multiple tiers of ownership and control, the entire structure must be considered for diversity purposes. In other words, when an

---

[1] A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court. *See U.S. Advisor, LLC*, 2009 WL 2055206, at *2; *SREI-Miami, LLC v. Thomas*, No. 08-cv-00730-MSK-BNB, 2008 WL 1944322, at *1 (D. Colo. May 2, 2008); *see also Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006); *Turner Bros. Crane & Rigging, LLC v. Kingboard Chem. Holding Ltd.*, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007); *cf. Carden*, 494 U.S. at 195 ("[W]e reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members.").

Defendant has not identified its members or the citizenship of those members. *Cf. Fifth Third Bank v. Flatrock 3, LLC*, 2010 WL 2998305, at *3 (D.N.J. July 21, 2010) (concluding that an allegation that "upon information and belief, the members of [an LLC] are citizens of New York" was insufficient because plaintiff "failed to identify or trace the citizenship of each individual member" of the LLC (internal quotation marks omitted)).[2]  The Court is therefore unable to determine the citizenship of defendant and whether the Court has jurisdiction. *See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to

---

[2] This Court has previously noted that, "[w]hile various state legislatures have decided to permit the members of LLCs to remain anonymous to the public at large, Congress has not created an exception to the requirements of diversity jurisdiction which would allow the members of LLCs to remain anonymous in federal court." *U.S. Advisor, LLC*, 2009 WL 2055206, at *3 (citing *Carden*, 494 U.S. at 196).

show jurisdiction.") (citations and internal quotation marks omitted).

For the foregoing reasons, it is **ORDERED** that, on or before **5:00 p.m. on December 22, 2016**, defendant shall show cause why this case should not be remanded due to the Court's lack of subject matter jurisdiction.

DATED December 16, 2016.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge
